USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/8/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Arroyo,

                    Petitioner,

          —v—                                          17-cv-4858 (AJN)

Fields,                                                MEMORANDUM
                                                       OPINION & ORDER
                    Respondent.

ALISON J. NATHAN, District Judge:

       The Petitioner filed a 28 U.S.C. § 2244 petition for habeas corpus challenging his state

court conviction and sentence.  Magistrate Judge Wang issued a Report & Recommendation

recommending that the petition was not "second or successive" and that the Court should dismiss

the petition as untimely.  The Respondent filed a timely objection to the Report &

Recommendation, arguing that the petition is "second or successive" and that therefore the Court

does not have jurisdiction to dismiss the petition as untimely.  For the reasons that follow, the

Court determines that the petition is "second or successive" and will transfer the petition to the

Second Circuit.

I.     BACKGROUND

       The Petitioner Luis Arroyo was convicted in the New York Supreme Court of New

County on October 26, 2004 of second-degree assault, second-degree burglary, second-degree

attempted murder, and second-degree criminal possession of a weapon arising out of an incident

where he shot a man in the back with an assault weapon, paralyzing him from the waist down.

Dkt. No. 33 at 2.  The trial court sentenced the Petitioner to twenty years' incarceration and "the

maximum period of post-release supervision," but did not state a specific period of years.  *Id.*

1

The Petitioner appealed that decision to the Appellate Division, which affirmed his conviction. *Id.* After exhausting the challenges to his conviction in state court, the Petitioner filed a 28 U.S.C. § 2254 petition in the Southern District of New York on February 14, 2011, which the court denied on the merits and denied a certificate of appealability. *See Arroyo v. Lee*, 831 F. Supp. 2d 750 (S.D.N.Y. 2011).

Following the case *People v. Sparber*, 10 N.Y.3d 457, 465 (2008), which held that the trial court must orally pronounce the term of years for post-release supervision at sentencing, the Petitioner had to be re-sentenced in trial court. Dkt. No. 33 at 4. At that hearing on June 15, 2012, the parties stipulated that, under New York law, the court was obligated to impose a five-year term of post-release supervision. *Id.* The court then sentenced the Petitioner to the same term of twenty years' imprisonment as well as five years' post-release supervision. *Id.* The Petitioner appealed the decision to the Appellate Division, which affirmed the judgment, but he did not seek review to the Court of appeals. *Id.*

The Petitioner subsequently sought additional relief in state court. He filed a petition for writ of error *coram nobis* claiming ineffective assistance of counsel, and later moved for a sentence reduction on the grounds that there was newly uncovered evidence that the victim had regained the ability to walk, both of which were denied by the Appellate Division. *Id.* at 5.

On June 21, 2017, the Petitioner filed this 28 U.S.C. § 2254 petition in this Court, arguing, *inter alia*, that the prosecution violated its *Brady* obligations by failing to disclose that the victim had regained mobility. Dkt. No. 2. The Respondent filed an opposition to the petition on the grounds that it is a "second or successive" petition and must be transferred to the Second Circuit, and in the alternative that the petition is untimely under AEDPA's statute of limitations. Dkt. No. 26. The Petitioner did not file a reply. *See* Dkt. No. 29.

Magistrate Judge Wang issued a Report & Recommendation on October 7, 2020 recommending that the Court dismiss the petition as untimely. Dkt. No. 33. In her Report, Judge Wang recommended that the petition is not "second or successive" because the Petitioner's resentencing was sufficiently "substantive" to constitute a "new judgment," as opposed to a judgment amended only to fix clerical errors, under *Marmolejos v. United States*, 789 F.3d 66, 71 (2d Cir. 2015). *Id.* at 6-7. After determining that the petition was not second or successive, Judge Wang then nonetheless recommended the Court deny the petition as untimely under AEDPA. *Id.* at 12.

The Respondent filed an objection to the Report & Recommendation on October 21, 2020, arguing that Judge Wang erred in determining that the petition was not "second or successive," and that the court therefore does not have jurisdiction to dismiss the petition as untimely. Dkt. No. 34. Instead, because the petition is second or successive, the Respondent maintains that the Court must transfer the petition to the Second Circuit. *Id.* at 3. The Petitioner did not file an objection nor respond to the Respondent's objection.

## II. DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because the Respondent filed a timely objection to the Report and Recommendation, the Court will review *de novo* "those portions of the report or specified proposed findings or recommendations to which" objections were made. *Id.* The Respondent objects only to Judge Wang's determination that the petition is not "second or successive" for the purposes of 28 U.S.C. § 2244(b)(3)(A).

If a petitioner wants to file a habeas petition that is "second or successive," he or she must first "move in the appropriate court of appeals for an order authorizing the district court to

3

consider the application." 28 U.S.C. § 2244(b)(3)(A). If the petition is erroneously filed in the district court in the first instance, the district court must transfer the petition to the Court of Appeals because the district court lacks jurisdiction to adjudicate the merits. *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003). The Supreme Court clarified what constitutes a "second or successive" petition in *Magwood v. Patterson*, explaining that if "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." 561 U.S. 320, 341–42 (2010) (cleaned up). That includes an amended judgment. *See Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010). However, if the judgment is amended only to fix "clerical" or "typographical" errors, it is not a new judgment – the changes must be "substantive." *Marmolejos v. United States*, 789 F.3d 66, 70-71 (2d Cir. 2015).

In her Report & Recommendation, Judge Wang concluded that the Petitioner's habeas petition is not second or successive because the resentencing resulted in a new judgment. *Id.* at 10-11. The basis of her determination was that, at resentencing, the trial court *could* have sentenced the Petitioner to fewer than five years of post-release supervision under New York law. *Id.* The Petitioner was sentenced pursuant to New York Penal Law § 70.45(2), which requires that upon conviction, an offender receive five years of post-release supervision unless one of the stated exceptions applies. Judge Wang noted that the exception under § 70.45(2)(f) allows for a minimum term of 2.5 years of post-release supervision upon a conviction of a Class B or class C violent felony offense. The Petitioner's highest charged offense was attempted murder in the second degree, which is a class B violent felony. As a result, Judge Wang determined that this exception arguably applies to the Petitioner and therefore his term of post-release supervision could have been fewer than five years.

4

Judge Wang also based her decision on the fact that she was unable to determine whether the Petitioner had argued before the state court that his post-supervision release term could have been modified. Although the Petitioner had filed a motion to the resentencing court arguing against the imposition of any term post-release supervision on the grounds that it would violate due process and double jeopardy, Judge Wang observed in her Report & Recommendation that these arguments are squarely foreclosed by binding precedent, *see People v. Lingle*, 16 N.Y.3d 621 (2011), and thus did not constitute a "substantive re-argument of the term of PRS." Dkt. No. 33 at 12 n.9. However, Judge Wang also noted that that it was apparent from the transcript of the resentencing hearing that defense counsel had submitted a filing to the trial court in conjunction with the resentencing, but this filing was not publicly available and the parties did not submit it as part of the record in this case. *Id.* at 12. Thus, Judge Wang concluded that she could not determine whether the Petitioner had in fact argued for a lower term of post-release supervision before the trial court. *Id.*

Judge Wang therefore recommends that, because it is possible that the Petitioner's post-release supervision term could have been lowered, his resentencing did not merely fix a clerical or typographical error like in *Marmolejos*, but instead constitutes a substantive determination that resulted in a new judgment, meaning that the petition is not "second or successive." *Id.*

The Court determines that Petitioner's habeas petition is properly considered second and successive and therefore declines to adopt the Report & Recommendation. It is not entirely clear what arguments were made in the filing by defense counsel referenced in the resentencing hearing transcript. *See* Dkt. No. 31 at 795-96. Either way, even if the Petitioner had argued to modify his post-supervision term based on one of the statutory exceptions, it would not have made a difference. The Petitioner could not have been sentenced to a term of post-release

supervision fewer than five years. The exception Judge Wang relied upon under N.Y. Penal Law § 70.45(2)(f) allows that a defendant may receive fewer than five years (but not fewer than 2.5 years) of post-release supervision "whenever a determinate sentence of imprisonment is imposed pursuant to subdivision three of section 70.02 of this article or subdivision two or eight of section 60.12 of this title upon a conviction of a class B or class C violent felony offense." Although the Petitioner's highest-level conviction was a class B violent felony, his sentence was not imposed pursuant to N.Y. Penal Law § 70.02. That provision governs sentences for first time violent felony offenders. Nor was his sentence imposed pursuant to N.Y. Penal Law § 60.12, which provides an alternate sentencing mechanism for certain domestic violence offenses. Instead, because the Petitioner had already been convicted of a violent felony, his original sentence was imposed pursuant to N.Y. Penal Law § 70.04, which governs sentences for "second violent felony offender[s]." *People v. Arroyo,* 831 N.Y.S.2d 126, 127 (N.Y. App. Div. 2007). The exception under N.Y. Penal Law § 70.45(2)(f) does not apply to offenders sentenced pursuant to this provision, nor are any of the other exceptions applicable to the Petitioner. Given this, the trial court did not have discretion to impose a term of post-release supervision lower than the maximum.

Because the trial court had no choice but to impose the mandatory five-year term, the resentencing did not involve a substantive determination but instead served only to fix the clerical error the trial court made when imposing the original sentence by failing to state the specific term of years. The resentencing therefore did not constitute a "new judgment" under *Marmelejos* and Petitioner's habeas petition is a "second or successive" petition. Pursuant to AEDPA, the Court may not examine the merits and must transfer the petition to the Second Circuit. *Torres*, 316 F.3d at 151.

## III.     CONCLUSION

For the reasons stated, the Court does not adopt the Report & Recommendation and will

instead transfer the Petitioner's § 2254 petition to the Second Circuit.  This resolves Dkt. No. 34.

The Clerk of Court is respectfully directed to transfer the petition, mail a copy of this

Memorandum Opinion & Order to the *pro se* Petitioner, and close this case.


      SO ORDERED.

Dated: June 8, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge